**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES SATTERFIELD | : | |
| | : | |
| Appellant | : | No. 924 MDA 2019 |

Appeal from the PCRA Order Entered May 2, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001477-1994

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 07, 2020**

Appellant, Charles Satterfield, appeals from an order entered May 2, 2019, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On a previous appeal, we summarized the facts of this case as follows:

Early on the morning of September 10, 1994, P.B. [("Victim")] approached [A]ppellant at a bar, introduced herself, and asked him to drive her home.  [Victim], who was intoxicated, conversed briefly with [A]ppellant before entering his automobile.  During the course of the [] ride, [A]ppellant ignored [Victim's] directions and indicated that he expected something from her.  Later, after parking the automobile, [A]ppellant tried to kiss [Victim].  [Victim] responded by pulling away from [A]ppellant and attempting to exit the vehicle.  Appellant [then] grabbed one of her legs, and [Victim] yelled for help.  Appellant [] stabbed her in the hip, threatened her repeatedly, and raped her.  Appellant subsequently threatened [Victim] and drove her to a fast-food restaurant, where she was able to summon assistance.

_____

[*] Former Justice specially assigned to the Superior Court.

> Two days after the attack, [A]ppellant was arrested and charged with two counts of rape, two counts of kidnapping, and one count each of harassment, aggravated assault, simple assault, terroristic threats, unlawful restraint, and possessing an instrument of crime. On March 27, 1995, a jury convicted [Appellant] of the various charged offenses.

**Commonwealth v. Satterfield**, ___A.2d___, 0607 PHL 1995 (Pa. Super. 1996) (unpublished memorandum), at 1-2 (citation omitted). Following his conviction, the trial court sentenced Appellant to 10 to 30 years of state incarceration. PCRA Court Opinion, 3/14/19, at 1. This Court affirmed Appellant's judgment of sentence on August 13, 1996. **Commonwealth v. Satterfield**, ___A.2d___, 0607 PHL 1995 (Pa. Super. 1996) (unpublished memorandum), at 1-4 (citation omitted). Appellant did not seek further review. Thereafter, on May 4, 1998, Appellant filed his first PCRA petition. PCRA Court Opinion, 3/14/19, at 2. "After an evidentiary hearing, the [p]etition was denied. Subsequent petitions were filed on November 2, 1999, March 16, 2004, [and] May 4, 2011, [] all [of which] were denied." **Id.**

On August 21, 2017, Appellant filed a *pro se* motion to modify his sentence. Appellant's Motion, 8/21/17, at 1-3. In this motion, Appellant argued that, in view of our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), he should not be required to register under SORNA[1] because his offenses predated its enactment. **Id.** Pursuant to **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002), the

---

[1] Sexual Offender Registration and Notification Act, 42 Pa. C.S.A. § 9799.10. *et seq*.

court treated Appellant's motion as a PCRA petition and, on October 31, 2017, issued notice that it intended to dismiss the PCRA petition in 20 days without holding a hearing, as the petition was untimely. PCRA Court Order, 10/31/17, at 1; **see also** Pa.R.Crim.P. 907(1). On November 15, 2017, Appellant filed a *pro se* "motion to quash all registration requirements," requesting the court to "re-submit [Appellant's] petition" because "he was [never] sentenced . . . to any sexual registration requirements by his sentencing judge, and because SORNA's retroactiveness [*sic*] [is] unconstitutional." Appellant's Motion, 11/15/17, at 2. The PCRA court treated Appellant's motion as an "objection to the Court's [notice of] intention to dismiss [Appellant's] PCRA petition." PCRA Court Order, 12/18/17, at 1. The PCRA court then appointed counsel and ordered counsel to file an amended petition on Appellant's behalf "limited to the issue of whether [the court] had jurisdiction to consider [Appellant's] petition." **Id.**

On June 15, 2018, court-appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), relying on this Court's decision in **Commonwealth v. Murphy**, 180 A.3d 402, 405-406 (Pa. Super. 2018), which held that, because our Supreme Court did not hold that **Muniz** applies retroactively, it does not satisfy the "new retroactive right" exception to the PCRA time-bar. On August 21, 2018, the PCRA court denied counsel's petition to withdraw because, following **Murphy**, the Pennsylvania legislature "amended

- 3 -

Pennsylvania's sexual offender registration requirements in Act 10 of 2018 [] and Act 29 of 2018" to address **Muniz** and "other appellate court decisions regarding sexual offender registration requirements." PCRA Court Order, 8/21/18, at 1-4.

On September 17, 2018, counsel filed an amended PCRA petition on Appellant's behalf. Appellant's Amended Petition, 9/17/18, at 1-3. In the petition, Appellant argued that, pursuant to Act 10 and Act 29, individuals who "committed sexually violent offenses before April 22, 1996," do not have to register under SORNA. **Id.** at 2. Thus, because Appellant committed the offenses *sub judice* on September 10, 1994, he claimed he "is no longer required to register as a sexual offender and/or sexually violent predator." **Id.** at 3. Thereafter, the Pennsylvania State Police ("PSP") entered an appearance and filed an answer to Appellant's petition on October 15, 2018. PSP's Answer, 10/15/18, at 1-4. The PCRA court then entered an order directing Appellant, the Commonwealth, and the PSP to submit a stipulation as to the facts of the case and Appellant to submit a brief regarding the legal issues presented. PCRA Court Order, 10/25/18, at 1; PCRA Court Order 12/20/18, at 1. Appellant filed the requested brief on January 24, 2019, and the PSP also filed a brief on February 7, 2019.

On March 13, 2019, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition in 20 days without a hearing, again concluding that the petition was untimely. PCRA Court Order, 3/13/19, at 1; **see also**

Pa.R.Crim.P. 907(1).  After receiving no response from Appellant, the PCRA

court dismissed his petition on May 2, 2019.  This timely appeal followed.[2]

Appellant raises the following issue on appeal:

Whether Appellant is required to continue to register as a sex offender pursuant to the registration requirements under SORNA, especially when the plain language indicates that the registration requirements only apply to individuals convicted on or after December 20, 2012?

Appellant's Brief at 7 (superfluous capitalization omitted).

Preliminarily, we note that the PCRA court correctly treated Appellant's

August 21, 2017 motion to modify his sentence as a PCRA petition.  *See*

*Commonwealth v. Greco*, 203 A.3d 1120, 1123 (Pa. Super. 2019)

(explaining that "claims challenging applications of SORNA's registration

provisions – unlike prior versions of Megan's Law – are properly considered

under the PCRA").  Thus, "we must first determine whether the instant PCRA

petition was timely filed" because "crucial to the determination of any PCRA

appeal is the timeliness of the underlying petition."  *Commonwealth v.*

*Smith*, 35 A.3d 766, 768 (Pa. Super. 2001), *appeal denied,* 53 A.3d 757 (Pa.

2012).

---

[2] Appellant filed a notice of appeal on May 31, 2019.  On June 4, 2019, the PCRA court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1).  Appellant timely complied.  The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 1, 2019, expressly noting that because "Appellant's claim is untimely and does not allege an exception permitted by statute, [it] relie[d] on its [o]pinion and [o]rder outlining such dated March 13, 2019."  PCRA Court Opinion, 7/1/19, at 1.

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgement of sentence became final on September 13, 1996, 30 days after this Court affirmed his judgment of sentence and nearly 20 years before he filed the instant petition. Hence, Appellant's petition is manifestly untimely. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the untimely filing of a PCRA petition will be excused. To invoke an exception, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[3]

In Appellant's petition, he claimed that, due to our Supreme Court's decision in *Muniz*, which held that the retroactive application of SORNA's registration scheme violated the United States and Pennsylvania's *ex post facto* clauses, his sentence is now illegal. Appellant's Motion, 8/21/17, at 1-3. Thus, Appellant arguably relied upon section 9545(b)(1)(iii), the newly-recognized constitutional right exception to the PCRA time-bar. *Muniz*, however, "cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii)." *Murphy*, 180 A.3d at 405. Previously, this Court explained:

> [We] acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See [Commonwealth v.] Abdul-Salaam*, [812 A.2d 497, 501 (Pa. 2002)]. Because at this

_____

[3] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." *See* 42 Pa.C.S.A. §9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter." *See id.* at Comment. Appellant filed his current petition on August 21, 2017; thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Greco*, 203 A.3d at 1124 (parallel citation omitted), *quoting* ***Murphy***, 180 A.3d at 405-06, *appeal denied*, 195 A.3d 559 (Pa. 2018).  Hence, Appellant's reliance on *Muniz* is insufficient to invoke the timeliness exception set forth at section 9545(b)(1)(iii).  Therefore, we conclude that no exception to the PCRA's one-year time-bar applies and the PCRA court properly held that it lacked jurisdiction over the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/07/2020